J. Chad Mitchell, WSBA #39689
Selby P. Brown, WSBA #59303
Summit Law Group, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104-2682
(206) 676-7000

*Counsel for ALDI Inc., Sodexo, Inc., and Sodexo Operations, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE SUBPOENA TO ROLOFF DIGITAL FORENSICS<br><br>Served in Case:<br><br>IN RE BROILER CHICKEN ANTITRUST LITIGATION,<br>No. 16-cv-8637 (N.D. Ill.)<br><br>THIS DOCUMENT RELATES TO:<br>*All Track Two Direct Plaintiff Actions* | Case No.<br><br>**MOTION FOR ORDER TO SHOW CAUSE WHY ROLOFF DIGITAL FORENSICS SHOULD NOT BE HELD IN CIVIL CONTEMPT OF COURT** |

Pursuant to Federal Rule of Civil Procedure 45(e) and (g), Plaintiffs ALDI Inc., Sodexo, Inc., and Sodexo Operations LLC ("Plaintiffs") hereby move for an order to show cause why Roloff Digital Forensics ("RDF") should not be held in civil contempt of court in order to compel compliance with the subpoena for deposition testimony and documents (the "Subpoena") served by Plaintiffs, attached



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

to the Declaration of Isabel Tuz as Exhibit 1, as modified herein.[1]

## I. INTRODUCTION

On March 6, 2026, Plaintiffs properly served the Subpoena on RDF through an employee with implicit authority to accept service. Counsel for RDF asserted at a meet and confer on March 20 and again via email on April 6 that the Subpoena was not properly served, despite having received proof of proper service. Ex. 10. RDF refused to appear for the deposition noticed for April 7, 2026. Ex. 4.

Because RDF refused to appear for the deposition and has likewise failed to move to quash or for a protective order, this Court should exercise its discretion and compel the company to comply with the Subpoena by issuing an order to show cause why RDF should not be held in contempt and compelled to comply.

## II. BACKGROUND

The litigation giving rise to the Subpoena is an antitrust case proceeding in the Northern District of Illinois, *In re Broiler Chicken Antitrust Litigation* ("*Broilers*"), No. 16-cv-8637 (N.D. Ill.), which includes Pilgrim's Pride Corporation ("Pilgrim's") as a defendant. In a parallel federal criminal investigation, a former

[1] Hereafter, all cites to "Ex." refer to the Tuz Declaration exhibits. RDF's principal place of business is in Spokane, Washington, and the Subpoena calls for compliance in the Eastern District of Washington. Ex. 2; *see* Fed. R. Civ. P. 45(d).



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Pilgrim's employee—Timothy Stiller—retained RDF in response to an indictment for obstruction of an official proceeding brought by the U.S. Department of Justice alleging that he had attempted to destroy evidence. After the deposition of Mr. Stiller in late February 2026, and within the time period for issuing third-party deposition subpoenas in *Broilers*, Plaintiffs served subpoenas on both RDF and its president, Josiah Roloff.[2] Ex. 5.

On March 6, 2026, Plaintiffs served the Subpoena on RDF, which seeks information regarding RDF's opinions on Mr. Stiller's and his wife's electronic devices, plus the materials relied on in forming those opinions as related to the alleged obstruction of *Broilers*. The day before, when a process server attempted service at the company's office, he was informed by an employee that Mr. Roloff was not present and "is constantly traveling for work." Ex. 6. RDF is a small business with around 10 employees. Ex. 7 (listing company size as 2 to 10 employees); Ex. 8 (listing 10 employees on RDF website). When the process server arrived at the RDF office on March 6, only a few employees were present. Ex. 9. They all refused to accept service. *Id.* The process server then set the Subpoena on a counter next to an

---

[2] Mr. Roloff moved to quash the personal subpoena. *In re Subpoena to Josiah Roloff*, 2:26-mc-00005-ACE (E.D. Wash.) (pending). Relevant history from the *Broilers* litigation is described in Plaintiffs' response to the motion to quash. Ex. 17.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

employee who refused to provide his name, thus accomplishing service. *Id.*; Exs. 3, 12. Based on the process server's description and an accompanying photograph, the Subpoena was served on Josiah Roloff's co-worker, Caleb Roloff, a "Digital Forensic Technician combining advanced mobile forensics with a Juris Doctor and courtroom-ready analysis," Ex. 11. *Compare* Exs. 3, 9, 12 *with* Exs. 11, 13.[3]

## III. LEGAL STANDARD

### A. Service of a Corporate Subpoena Is Broadly Permitted on Agents with Actual or Implied Authority.

---

[3] Plaintiffs served Mr. Roloff personally at his residence the same afternoon and have made no efforts to serve Mr. Roloff or RDF since. When Mr. Roloff moved to quash the personal subpoena on March 20, he acknowledged valid service. Ex. 14, at 8 ("On March 6, 2026, Plaintiffs served Mr. Roloff with the Subpoena."). In his April 14 reply, Mr. Roloff—for the first time—claimed invalid service of the personal subpoena. Ex. 15, at 2. Since this argument was first raised in reply, it has been waived. *See, e.g., Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999); *Greisen v. Hanken*, 925 F.3d 1097, 1115 (9th Cir. 2019); *see also In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (Rule 45 requires "the recipient of a subpoena to raise all objections at once, rather than in staggered batches."). In any event, Mr. Roloff was properly served. *See, e.g.*, *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1133-37 (9th Cir. 2009).



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Federal Rule of Civil Procedure 45 governs the service of subpoenas on non-parties, including for documents and deposition testimony. A corporate subpoena can be served on any agent with explicit or implicit authority to accept service. *Vaughan Furniture Co. Inc. v. Featureline Mfg., Inc.*, 156 F.R.D. 123, 125-26 (M.D.N.C. 1994) (allowing service of corporate records subpoena on employee who was not records custodian); *In re Motel 6 Sec. Litig.*, 1996 WL 524343, at *1-4 (S.D.N.Y. Sept. 16, 1996). "The concept of implicit authorization to accept service has been quite broadly interpreted." *Motel 6*, 1996 WL 524343, at *2-4; *see also Vaughan*, 156 F.R.D. at 125-26.

Although service of a non-party subpoena is governed by Rule 45, the Ninth Circuit considers case law on the doctrine of summons under Federal Rule of Civil Procedure 4 as instructive on an agent's implicit authority to accept service of a subpoena. *United States v. Richards*, 892 F.2d 1047, at *4 (9th Cir. 1989) (finding individual was authorized to accept service of a subpoena based on Rule 4). Rule 4 is flexible and "should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Travelers*, 551 F.3d at 1135.

In determining whether an agent has implicit authority to accept service, courts look to factors including: whether a corporate office employs few people; whether the corporate agent with explicit authorization or authority to accept service



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

travels frequently; and whether the corporation received actual notice of service. *Direct Mail*, 840 F.2d at 688-89 (holding service on receptionist valid).

Finally, service of a subpoena is not defeated by an agent's refusal to accept summons. "[W]here a defendant attempts to avoid service, *e.g.*, by refusing to take the papers, it is sufficient if the server is in close proximity to the defendant, clearly communicates intent to serve court documents, and makes reasonable efforts to leave the papers with the defendant." *Travelers*, 551 F.3d at 1135-37.

**B. Where a Deposition Subpoena Is Ignored, the Proper Remedy to Enforce the Subpoena Is a Motion for an Order to Show Cause.**

A recipient who wishes to challenge a documents-only subpoena may do so by, *inter alia*, properly lodging written objections. *Hi.Q, Inc. v. ZeetoGroup, LLC*, 2022 WL 17345784, *4-5 (S.D. Cal. Nov. 29, 2022). But written objections are not sufficient where, as here, a subpoena calls for deposition testimony. *Id.* at *6. In this scenario, the recipient must promptly move to quash or modify the subpoena—or seek a protective order—in time for the court to rule before the deposition. *Id.* at *6. Where the subpoena recipient fails to do so, Rule 45 and the very nature of subpoenas command a specific procedure.

Subpoenas issued by counsel are treated as orders of the court. *See, e.g.*, *Hi.Q,* 2022 WL 17345784, *4; *Rodriguez v. Cnty. of Stanislaus*, 2010 WL 3733843, *4 (E.D. Cal. Sept. 16, 2010). Accordingly, to enforce a subpoena, "the most



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

appropriate procedural step is to file an application for an order to show cause, not a motion to compel." *Martinez v. City of Pittsburg*, 2012 WL 699462, *4 (N.D. Cal. Mar. 1, 2012); *see also Chase Bank USA, N.A. v. M. Harvey Rephen & Assoc.*, 2019 WL 13046982, *1 (S.D.N.Y. Aug. 16, 2019). Courts granting such motions order the non-movant to show cause why the requested sanction—*e.g.*, compliance with a subpoena—is not appropriate. *See, e.g.*, *GREE, Inc. v. Supercell Oy*, 2021 WL 1222487, at *3 (N.D. Cal. Apr. 1, 2021) (ordering a response within 14 days).

## IV. LEGAL ARGUMENT

An order to show cause here is warranted. Plaintiffs validly served the Subpoena and RDF refused to comply.

### A. Plaintiffs Validly Served RDF.

Plaintiffs served the Subpoena on an employee at RDF with implicit authority to accept service, based on the small size of RDF's office and Josiah Roloff's extensive travel. Further, RDF received actual notice of the Subpoena, consistent with Ninth Circuit requirements for fair and valid service. *Direct Mail*, 840 F.2d at 688 ("[R]ules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice.").

Although Mr. Roloff claims that the staff at his office did not have authority



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

to accept service on behalf of the company,[4] the law says otherwise. "[S]ervice of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process." *Direct Mail*, 840 F.2d at 688. Courts instead look to whether service was "made upon a representative so integrated with the organization that he will know what to do with the papers." *Id.* Any employee of RDF, especially Caleb Roloff, satisfies this criteria.

First, RDF is a small, litigation-oriented business with around 10 employees, such that it is reasonable to assume any employee in the office had implicit authority to accept service. *Direct Mail*, 840 F.2d at 688-89 (holding service valid where individual "appear[ed] to have been the only employee in the office when the process server arrived"). When the process server arrived at RDF, only a few employees were present, including Caleb Roloff, a Digital Forensic Technician at a digital forensics company. Exs. 9, 11. Particularly given the few employees working at the RDF office, Caleb Roloff's role certainly carries "more than [the] minimal responsibility" needed to accomplish service. *Direct Mail*, 840 F.2d at 688-89.

Second, Josiah Roloff "is constantly traveling for work." Ex. 6. Courts consider "extenuating circumstances," such as an officer's travel, in determining

---

[4] RDF's argument for improper service on RDF was made only in a filing related to Mr. Roloff's personal subpoena. Exs. 15-16.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

whether other employees can accept service on a business's behalf. *Direct Mail*, 840 F.2d at 688-89; *Union Asbestos & Rubber Co. v. Evans Prods. Co.*, 328 F.2d 949, 952 (7th Cir. 1964) (finding service on corporation through secretary was effective when the sales manager was out of the office 75% to 80% of the time). To hold otherwise would allow a company to evade service simply by designating an officer to accept service who travels frequently. Because Josiah Roloff travels frequently, service on an employee at RDF's office renders the service "process fair." *Direct Mail*, 840 F.2d at 688-89.

Third, RDF (and Josiah Roloff) received notice of the Subpoena. *See, e.g.*, Ex. 16, at 4. "The rules are to be applied in a manner that will best effectuate their purpose of giving the defendant adequate notice." *Direct Mail*, 840 F.2d at 688-89. RDF is a self-described "Legal Services" company. Ex. 7. Plaintiffs served the Subpoena on Caleb Roloff—a Digital Forensic Technician and law school graduate. Ex. 11. Caleb Roloff is undoubtably "so integrated with the organization that he will know what to do with the papers," particularly given his legal education. *Direct Mail*, 840 F.2d at 688-89 (noting that a lawyer "should have been well aware of the danger of ignoring process"). Indeed, Caleb Roloff did know what to do with the papers; he or another employee informed Josiah Roloff of them. Ex. 16, at 4. Plaintiffs' service provided fair notice of the Subpoena to RDF.

Finally, as Caleb Roloff had implicit authority to accept service of the



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

Subpoena, service was accomplished when the process server informed him of "the nature of the papers" and left them in his "immediate proximity." *Travelers*, 551 F.3d at 1133-37 (service valid when man closed front door to avoid accepting service and documents were left at doorstep); *Errion v. Connell*, 236 F.2d 447, 457 (9th Cir. 1956) (service valid when papers were tossed through a hole in a screen door at defendant's home after speaking to defendant); *see also* Exs. 9, 12.

**B. To Reduce Any Burden, Plaintiffs Narrowed the Subpoena.**

As described in Plaintiffs' response to Mr. Roloff's Motion to Quash, Mr. Roloff and his company RDF possess information relevant to the *Broilers* litigation. Ex. 17, at 5-7, 18-19. To reduce any potential burden from compliance with the Subpoena, and eliminate any requests for potentially privileged materials, Plaintiffs offer to narrow their requested deposition topics and document categories, as detailed in Exhibits 18 and 19 and in the accompanying proposed order.

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court issue an Order to Show Cause why RDF should not be held in civil contempt of court, in order to compel compliance with the Subpoena. If the Court grants this request, Plaintiffs request that RDF's response be due within 14 days of this Court's order and that Plaintiffs be given the opportunity to reply.

DATED this 21st day of April, 2026.



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

SUMMIT LAW GROUP, PLLC

By *s/ Selby P. Brown*

Selby P. Brown, WSBA #59303
J. Chad Mitchell, WSBA #39689
Summit Law Group, PLLC
315 Fifth Avenue S., Suite 1000
Seattle, WA 98104–2682
(206) 676–7000
selbyb@summitlaw.com
chadm@summitlaw.com

PAUL HASTINGS LLP (*pro hac vice applications forthcoming*)

By *s/ Ryan P. Phair*

Ryan P. Phair, *pro hac vice forthcoming*
Craig Y. Lee, *pro hac vice forthcoming*
Christopher C. Brewer, *pro hac vice forthcoming*
Isabel M. Tuz, *pro hac vice forthcoming*
Emma J. Hutchison, *pro hac vice forthcoming*
2050 M Street NW
Washington, DC 20036
202-551-1759
ryanphair@paulhastings.com
craiglee@paulhastings.com
chrisbrewer@paulhastings.com
isabeltuz@paulhastings.com
emmahutchison@paulhastings.com

*Counsel for ALDI Inc., Sodexo, Inc., and Sodexo Operations, LLC*

## CERTIFICATE OF SERVICE

Formal service of the foregoing will be completed upon issuance of the summons in accordance with Federal Rule of Civil Procedure 4. Proof of service will be filed thereafter.

DATED this 21st day of April, 2026.

*s/ De'Chanelle Ennis*
De'Chanelle Ennis



SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001